## PROPRIETORS OF SOCIAL LAW LIBRARY v. UNITED STATES.
### No. 6691.

District Court, D. Massachusetts.
Nov. 24, 1937.

Arthur D. Hill, of Boston, Mass., and Mark DeWolfe Howe, of Buffalo, N. Y., of the firm of Hill, Barlow, & Homans, of Boston, Mass., for plaintiff.

Jerome P. Carr, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for the United States.

SWEENEY, District Judge.

This is an action at law in which the plaintiff seeks to recover capital stock taxes alleged to have been illegally assessed for the years 1933 and 1934.

The parties hereto have submitted a statement of agreed facts from which the following findings of fact are made: The plaintiff corporation was established in 1814 by virtue of a special act of the Massachusetts Legislature. It conducts a library in the Suffolk County Courthouse at Boston, Mass. The library is utilized by the proprietors and subscribers to the plaintiff society. Membership in either of the two classes is dependent upon the fee that is paid annually to the society. The plaintiff association is partially supported by the County of Suffolk, which appropriates the sum of $1,000 annually for the use of the plaintiff. The holders of shares in the plaintiff corporation at no time have, and at the present time do not receive from the corporation any payment in money by virtue of the ownership of shares, and no part of the net earnings of the corporation is paid to any private shareholder or individual by virtue of his ownership of stock.

The principal function of the library is to afford members of the legal profession, and the judges of the Commonwealth, and the United States District Court, access to the facilities of a well-equipped law library. It is undoubtedly the largest law library in the City of Boston, and contains thousands of volumes which no private firm of lawyers could economically possess and retain in their offices.

On or about May 20, 1935, the Acting Collector of Internal Revenue collected from the plaintiff corporation the sum of $200 as a so-called capital stock tax for the year ending June 30, 1933, and on or about June 8, 1935, the collector received from the plaintiff an additional payment of $39.-40 as interest. At or about the same time the collector received from the plaintiff the sum of $200 as a so-called capital stock tax for the year ending June 30, 1934, and $17.26 as interest thereon. After payment of these taxes, the plaintiff seasonably filed claims for refund which were rejected.

Many of the members of the plaintiff corporation for tax purposes treat their dues for subscription as professional expenses. This, however, cannot affect the status of the plaintiff which claims exemptions from the capital stock tax under section 101 of the Revenue Act of 1934 (26 U.S.C.A. § 103), as a literary and educational organization. It conforms to all of the tests set up in the exemptions, if it can be determined that the society is organized and operated exclusively for literary and educational purposes, and its net income does not inure in whole or in part to the benefit of private stockholders or shareholders. The plaintiff provides a library which is accessible to the practicing attorneys of Boston which the lawyers use as supplemental to and in conjunction with

their own law libraries. It is of benefit to the public that resort may be had to such a library in order that all cases may be subjected to the widest possible research. While individual lawyers may receive benefits from the acquisition of knowledge contained in the books of the library, and which is not contained in their own private law libraries, nevertheless the public receives the direct benefit of such acquisition of knowledge, and it is therefore in its true sense an educational institution. It may be likened to a free public library, wherein resort may be had not only for reading purposes, but for the acquisition of knowledge and for research.

An annual charge is made by the plaintiff to its proprietors and subscribers in order to meet its current expenses, and to provide for further additions to the library. There are no transferable shares in the society. No benefits are received by the proprietors or subscribers, except the use of the library, and its many volumes. From the foregoing, it is apparent that the net income of the plaintiff does not inure in whole or in part to the benefit of private stockholders or shareholders.

I therefore find and rule that under section 101 of the Revenue Act of 1934 (26 U.S.C.A. § 103), the plaintiff is exempt from the capital stock levy provided in section 215(a) of the National Industrial Recovery Act, 48 Stat. 195, 207, and section 701 of the Revenue Act of 1934, 48 Stat. 680, 769 (26 U.S.C.A. § 1358).

The defendant's motion for judgment is denied.

The defendant's requests for rulings of law are denied, except in so far as they are consistent herewith.